IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADAM BROOKS FLORES                                                                                    PLAINTIFF

v.                                    Civil No. 5:18-cv-05086

TURN KEY HEALTH CLINICS, LLC;
TRINITY SERVICES GROUP, INC;                                                                DEFENDANTS
SHERIFF HOLLOWAY; CAPTAIN
GUYLL; LIEUTENANT HOLT; and
JOHN AND JANE DOES, Employees
Of the Benton County Detention Center

**OPINION AND ORDER**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Benton County Detention Center.

On August 6, 2018, Separate Defendants Sheriff Holloway and Captain Guyll filed a Motion to Dismiss (ECF No. 13). The Motion to Dismiss is premised on the fact that neither of these two Defendants are mentioned in the body of the Amended Complaint (ECF No. 6).

On August 9, 2018, an Order (ECF No. 18) was entered directing Plaintiff to file a response to the Motion to Dismiss by August 30, 2018. Plaintiff was advised that failure to respond to the Order would subject the case to dismissal, without prejudice.

To date, Plaintiff has not filed a response to the Motion to Dismiss. He has not requested an extension of time to file his response. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Order (ECF No. 18) requiring him to file his Response by August 30, 2018.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with order of the court. Fed. R.

Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

While the Court clearly has the authority to dismiss the entire case, the Court will limit the dismissal to Separate Defendants Sheriff Holloway and Captain Guyll. Therefore, pursuant to Rule 41(b), the Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** as to **SEPARATE DEFENDANTS SHERIFF HOLLOWAY AND CAPTAIN GUYLL** based on Plaintiff's failure to prosecute this case, his failure to obey the order of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** this 10th day of September 2018.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE